Good morning, Your Honors. I'm Carl Schwinker and I'm here representing Bruce Munro and Munro Studios. We're here to urge that the lower court's order and judgment denying Munro's post-transfer, post-removal, pre-answer motion for leave to amend its complaint and dismissing Munro's claims be reversed and that Munro be given leave to file its amended complaint. This intellectual property and commercial business dispute relates to large-scale light-based installations and exhibits, which my client is famous around the case concerns, multiple business competition torts committed by Apelli's Lucy Activewear and, as alleged in the amended complaint, their advertising agency, Mono, in connection with an ad and essentially guerrilla marketing campaign that was designed to imitate Munro's trademarks and particularized trade dress and which also used business information obtained from Munro under false pretenses to stage a substantially similar large-scale public light-based installation and exhibition for experiential marketing purpose. The appeal concerns the denial of the pre-answer motion to amend the plaintiffs under Rule 15a2 following the removal and transfer of the case from Minnesota. When the case arrived here in Minnesota Federal Court, it was a somewhat unique procedure in that Texas uses no displeasing standards, whereas federal law obviously follows Iqbal v. Twombly, and the state court petition was based on Texas' substantive law. So immediately we wish to amend the complaint in the first place because it would obviously need to meet Iqbal Twombly and to be based on Minnesota state law since it was captured in connection with the case that was made under 28 U.S.C. 1406. Counsel, it's my understanding that the dismissal was without prejudice. As a practical matter, is there a statute of limitations problem that would arise if you filed a new complaint rather than an amended complaint? Yes, there is, Your Honor. It's been several years. When the complaint was filed, the event in question, this appeal, the underlying lawsuit in this appeal has been pending obviously for several years. So yes, there would clearly be a statute of limitations issue and there would be severe prejudice to my client if the amended complaint was not accepted and he was forced instead to pursue a new lawsuit. You know, as this court knows, under Rule 15a2, leave to amend should be freely given when justice so requires. As noted in this court's streambed case, the court reviews de novo the denial of leave to amend based on futility, which means the district court reached the legal conclusion that the amended complaint cannot withstand a motion to dismiss under Rule 12b6. Obviously, that implicates the well-known Iqbal Twombly standard. In a somewhat similar position case, Johnson v. Cook, this court in 2012 determined that denial of a leave to amend was an abuse of discretion or prejudice was absent, amendments were not futile, and no prior amendment had occurred. Here, there have been no prior amendments in federal court. The courts also suggested in Pure Country v. Sigma Chi Fraternity, a case from this court in 2002 that were co-pending motions to dismiss and motions to amend pleadings are pending, that if anything, the plaintiff's motion to amend the complaint generally rendered moot the defendant's motion to dismiss the original complaint. Here, we're dealing with a request to overturn the determination of futility with respect to four claims. The trademark claim under Section 43a of the Lanham Act, the fraud claim, the tortious interference claim, and the trade dress claim under Section 43a of the Lanham Act. With respect to the trademark claim, the lower court's order must be reversed and leave to amend granted. The amended complaint makes a valid Section 43a Lanham Act claim for the appellee's use of the name Light Forest in connection with their product and exhibition, which is a confusingly similar term to Monroe's Forest of Light Mark. I thought you were granted leave to... I thought you were allowed to pursue that claim. I mean, it was without prejudice to refile as to that particular... Yes, it was without prejudice. As to that particular issue? As to that particular issue, that's correct. So why didn't you pursue that issue? Well, one, because the complaint would be the identical complaint. We believe that the amended complaint that was proposed is sufficient and is clearly sufficient and that the court erred in dismissing that claim. You know, even in a case that's cited by appellants in their brief, the EMI case out of the Second Circuit, it specifically holds that titles of works of artistic expression that have acquired secondary meaning are protected from unfair competition under Section 43. But an error here, the district court determined that the amended complaint did not provide facts suggesting that the name Forest of Light served as a source identifying function for a product or service. Now, we believe that's clear error because at least five pages of the proposed amended complaint discusses in detail Monroe's extensive commercial and the use of the term Forest of Light and using it as a source identifier and specifically alleges that the term acquired secondary meaning, which is essentially, secondary meaning is the source identification issue with respect to trademark law. So it clearly complies with the elements of a trademark claim in Section 43A. Because it states a valid claim for trademark infringement under Section 43A, we believe that has to be reversed. And, you know, from a policy perspective, unless the court corrects this, there's a risk that it'll create, in Minnesota and district courts throughout the circuit, an unauthorized heightened pleading standard with respect to Lanham Act claims. With respect to the fraud claim, the lowest court's order must be reversed also because the court failed to follow the Iqbal Twombly standard. In particular, it imposed a heightened 9b requirement on malice intent and knowledge allegations. Specifically, in connection with the fraud, the court was upset that the intent to not comply with the confidentiality promises was made on information and belief. And 9b specifically allows that sort of pleading. And, Your Honor, I see I'm running low on time, so I'll reserve the remainder of my time. Good morning, Your Honors, and may it please the Court. Nick Datsauf on behalf of the appellees. The district court correctly recognized appellate's claims for what they are, disguised copyright claims attempting to extend copyright protection simply where it does not exist. The district court fully considered all of the claims, all of the arguments, all of the authorities that were presented to it, and then in a thorough 25-page decision, fully analyzed all of the issues, cited a bevy of cases in support of its reasoning and analysis. There is simply no error in the district court's decision. And, Your Honor, none of the briefs from appellants discuss any of the cases that the district court relied on in support of an alleged error that may have occurred. There is no error. And, in fact, the reply brief doesn't address the cases we cited in our response brief on appeal, doesn't address any of the district court's reasoning or analysis. It really focuses in on the arguments that were presented in our I don't want to belabor the point, because obviously the court is very well aware of its case law and policies on waiver, and we've briefed it. But I do want to point out that from our viewpoint, the majority, if not all, of the claims at this point have been waived because they weren't meaningfully presented to the district court. Well, would you address what the district court said was a close, maybe the most difficult issue in this case, is the title. You used Light Forest, his is Forest of Light. They sound awful similar. Why is that not a trademark? At least present a jury issue as to a trademark violation. Sure, Your Honor, happy to address that. And in your right, the district court characterized it as a closer issue. I think I would characterize it as it could have been an issue. So the district court pointed out that there were some passing references to books, publications, and things like that. And said, but there are no allegations in either the initial pleading or the amended pleading in nearly 100 pages of allegations, no allegation that the marks at issue, the Forest of Light mark, served as a source identifier for any of those goods. And appellants haven't argued on appeal that those marks are source identifier for any of those goods. I would go one step further. There are no allegations, factual allegations, in any of the pleadings that provide that the marks serve as a source identifier for any goods or services. What the argument is, or what the argument was at the district court, and the argument that's been presented to this court on appeal by appellants, is that the mark, Forest of Light, serves as an identifier for Mr. Monroe and the installation. And, Your Honors, that's really saying the same thing as the style, the artistic style, the district court rejected just in different words. So, the argument goes, well, the Forest of Light would identify Mr. Monroe as an artist. That's really saying his artistic style, the content of his artistic expression. And there is no trademark law that protects that. That's all the cases that we cited in our briefs and the district court relied on, particularly the Levy Warner Brothers case, the Cahill Component case, the IDF Media case, the EMI Catalog case, and the other cases the district court cited on pages 10 through 12 of its decision. You cannot protect an artistic style. Pablo Picasso can't protect his cubism style and say, no one else is allowed to draw this way. This is what I'm identified for, and when someone else sees a drawing that's done this way, they will think I did it. That's not protectable under a trademark law. As far as the other allegation of a source identifier for the installation, that's really a copyright claim. And that's exactly squarely, again, what the district court rejected. Is saying, well, you've really copied my installation. You've copied the source and the content of that. Again, that's the subject matter of copyright law. Now, I suspect that the reason why there has been no copyright law claim through all the iterations of pleadings that we've had in this case, and even after the dismissal without prejudice, is because that claim would fail. And I would point the court to appendix page 71, which talks about the differences between the two installations. Mr. Monroe's installation that he created before, and the installation that Lucy put on. And the reason why those differences are important in the context of copyright, and for this case, is because under copyright law, there would have to be a showing of copying the same thing, or a substantial similarity between the two. I don't think they can make that showing, which is why I suspect they have not pled that claim. It would fail. So rather than bringing a copyright claim that they knew they couldn't prove, what they attempted to do was plead other state law claims, and attempt to use trademark law, where it does not protect copyright, in an attempt to disguise what could have been a copyright claim, although not a successful one. It sounds like your argument really, to me, as I look at this and read the briefing and hear you today, is that it's impossible for what this individual has produced to be federally protected. Not quite, Your Honor. We're not going that far, no. We're not saying that it cannot be protected. It can certainly be protected under copyright law. That's where, well, I don't want to speak that it's copyrightable, but that would be the subject matter where they would be able to seek protection. The Copyright Act is specifically for artistic works, original expressions that are in a tangible medium. So Mr. Monroe, it would... Your response to that, David, well, this is a style. As you said, this is merely an artistic style. Yes, and so perhaps I misunderstood Your Honor's question. I apologize. To the extent that Mr. Monroe would like to protect the particular expression of his artistic works that he has created, that's a copyright issue, and we're not saying that he cannot do that under copyright law. We haven't had the chance to even argue that, because that hasn't been played. To the extent that Your Honor was asking whether he can protect, broadly speaking, the style of his art, absolutely. That is not protectable under any federal or state law as a principle, because that would just take so much out of the public that neither Congress nor the states have allowed a cause of action that would allow them to do that. Related to that was, I think, the idea. This was something that we briefed at the district court. We touched on it in our brief as well. But it's even a more fundamental principle. The idea of using lights on sticks, that's not protectable. These are specific boundaries of intellectual property law that have been created very carefully by Congress, and they serve entirely different purposes. Counsel, he has pled that he has used the force of light mark in connection with his series of light-based installations and exhibitions. He's also pled that he authorizes use of force of light in field-of-light marks, images, illustrations, and indicia for projects, exhibitions, and merchandise, including apparels, giftware, books, calendars, videos, and television programming. Why is that not a source identifier? Well, Your Honor, it's identifying that the mark has been used in relation to the installations and that there are some other things that are related to the installations. But I'm not aware of any allegations that actually tie the mark specifically to any goods or services that have been used. And the reason why that's important, Your Honor, is because there are no U.S. registrations for trademark with regard to this, to either the force of light or the field-of-light marks. So what that essentially means is that in order to have any trademark protection, if there were to be any, it would have to be under common law. Under common law rights for trademarks, they would have to show what specific goods and services the marks were used with so that the public would not just recognize the installations, wouldn't just recognize the mark. It would recognize the mark as a source of something, a good or a service. So it would come down to whether it was plausibly pled under Twombly. Well, certainly, that's what the district court's point was to say, you know, a title of a work wouldn't per se be excluded from being a trademark. It could in theory. The problem is that that hasn't been pled. And I think, you know, after however many iterations of pleading we've gone through, I suspect that the reason it wasn't pled is because it can't be. They would have to show actual use of the marks with specific goods or services and even in a specific geographic region. When you have common law trademark rights, those are only applicable to the geographic region in which the use has actually occurred. He alleges they're registered. Your Honor, he alleges that the Field of Light has a U.K. registration. I do not believe, and I'm sure Mr. Schwenker will correct me if I'm wrong, but there's nothing in the complaint that says that there's a U.S. registration for either of the marks. So for the one that we're talking about mostly today, the Forest of Light mark, the allegation was that that would be common law rights. Your Honors, I see that I'm almost up out of time, and I appreciate the opportunity to share the remarks today. So in conclusion, unless Your Honors have any questions, I would just ask that you affirm the district court's decision in its entirety. It was correct and fully well-reasoned. Thank you. As to your point, Justice Gratz, the fact that there is a U.K. registration for the term, the Field of Light term, obviously indicates that Forest of Light could equally be registered. It is a protectable trademark, whether registered or unregistered, and Section 43 confirms that. With respect to the question about source identification, paragraphs approximately 30 through 47, the amended complaint specifically detailed the source identification feature of both the marks and the trade dress. 46 in particular states that the marks have acquired secondary meaning, and so they've come to identify Monroe as the source of any Field of Light and Forest of Light installations and associated goods, services, exhibitions, events, and activities, and so any product, service, installation, event, exhibition, promotion, or et cetera, market under the marks or trade dress or any confusionally similar imitation thereof is associated by consumers, the public, and the trade as being affiliated with Monroe. One of the other significant issues here, Lucy and their attorneys want to characterize this case as about art. We feel that it's actually about products and services. That's where some fundamental tension exists and why before the courts can actually explore the whole Daystar issue with respect to copyright preclusion, that there does need to be a factual record in terms of figuring out what exactly is the subject matter and where does it fall on the spectrum of intellectual property. And as to their contention that waivers occurred, we brought up the issue of futility on our motion to amend and specifically in the motion to reconsider in detail, and I see my time is up, and I'd like to thank your honors for hearing me on this. Thank you. Thank you, counsel. The case is submitted, and you may stand aside.